UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACIA TAYLOR,

    Plaintiff,

v.                                                                    Case No: 8:18-cv-17-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Tracia Taylor, seeks judicial review of the denial of her claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for supplemental security income on January 4, 2014. (Tr. 888-91.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 787, 812, 817-830.) Plaintiff then requested an administrative hearing. (Tr. 831-32.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 721-50.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 43-54.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1-4, 886.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1970, claimed disability beginning on January 1, 2013. (Tr. 725, 888.) Plaintiff has a high school education. (Tr. 725.) Plaintiff had past relevant work as a cashier, a janitor, and a stocker. (Tr. 725-27.) Plaintiff alleged disability due to arthritis, backaches, anxiety, depression, bipolar disorder, mood swings, swelling in her feet, and post-traumatic stress disorder. (Tr. 930, 964.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since January 4, 2013, the alleged onset date. (Tr. 48.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, migraine headaches, asthma, diabetes mellitus, anxiety, depression, and bipolar disorder. (Tr. 48.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 48.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b). (Tr. 50.) Specifically, the ALJ stated:

> I find the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b). However she can never climb ladders, ropes, or scaffolds and can only occasionally climb stairs and ramps. She is able to occasionally balance, crawl, stoop, kneel, and crouch. She is limited to occasional exposure to chemicals, dust, fumes, and gasses and occasional exposure to extremes of humidity, heat, and/or cold. She can maintain concentration, persistence, or pace for no more than 95% of the workday exclusive of workday breaks and is limited to no interaction with the public and only occasional interaction with coworkers and supervisors. Finally, on six days per year, she is likely to miss work or leave work prior to completing 8 hours.

(Tr. 50.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that

reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 51.)

The ALJ also found that Plaintiff was unable to perform her past relevant work as a cashier, janitor, or stocker. (Tr. 39.) Given Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a small parts assembler, retail marker, and a garment sorter. (Tr. 742.) Accordingly, based on the above and the VE's testimony, the ALJ found Plaintiff not disabled. (Tr. 54.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's subjective complaints regarding migraine headaches. (Dkt. 21 at 5.) Specifically, Plaintiff argues that the ALJ discounted Plaintiff's complaints regarding her headaches but failed to provide any reasons for doing so. (Dkt. 21 at 7.) As explained below, this contention does not warrant reversal.

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To evaluate whether a claimant has established disability through the claimant's testimony of pain and other subjective symptoms, the ALJ must apply the following test: first, whether there is evidence of an underlying medical condition and, second, whether there is objective medical evidence substantiating the severity of the pain from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 404.1529.

If an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine their effect on the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, statements from the claimant, treating physicians and non-treating physicians, and medical opinions. 20 C.F.R. § 404.1529(c)(1)–(2). In addition to objective medical evidence,

the ALJ considers other information the claimant provides, such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3).

In evaluating credibility, the ALJ must consider objective medical evidence and other evidence such as a claimant's daily activities, the location, duration, frequency, and intensity of a claimant's pain or other symptoms, and precipitating and aggravating factors. 20 C.F.R. §§ 404.1529(c), 416.929(c). When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). While "particular phrases and formulations" are not required when making a credibility determination, there must be more than boilerplate language explaining the ALJ's decision to not fully credit the plaintiff's testimony. *Id.* at 1210–11 (internal quotations and citations omitted); *Tieniber v. Heckler,* 720 F.2d 1251, 1255 (11th Cir. 1983) (stating that "where proof of a disability is based upon subjective evidence . . . the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding").

However, the Social Security Administration emphasizes that ALJs are not evaluating a claimant's character or truthfulness:

> Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner

> typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities.

Evaluation of Symptoms in Disability Claims, SSR 16-3p, 81 Fed. Reg. 14166-01, 2016 WL 1119029 (Mar. 16, 2016).[1]

Here, the ALJ explicitly discredited Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms, including her reporting of persistent headaches. (Tr. 51.) In doing so, the ALJ articulated reasons why the severity and limiting effects of Plaintiff's symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 51.) On appeal, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

Substantial evidence in the record supports the ALJ's finding that Plaintiff's statements regarding the severity and limiting effects of her symptoms were not entirely consistent with the

---

[1] Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Social Security Administration. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990). Although they are not binding, they are accorded deference. *De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014).

medical evidence and other evidence in the record. Specifically, the ALJ acknowledged Plaintiff's testimony that she had daily headaches. (Tr. 50). The ALJ properly considered inconsistencies between Plaintiff's statements and the rest of the evidence. (Tr. 51.) *See* 20 C.F.R. § 416.929(c)(3)(iv) (noting that in evaluating a claimant's subjective statements, consideration is also given to any conflicts between the claimant's statements and the rest of the evidence). For example, the ALJ noted that while the medical record showed reports of persistent headaches, some of the medical records noted that Plaintiff's headaches resolved with medication. (Tr. 51, 1043.) Further, a February 2014 treatment note reflects that Plaintiff said that medication worked well to resolve her headaches. (Tr. 1043.) *See* 20 C.F.R. § 416.929(c)(3)(iv) (noting that ALJ may consider effectiveness of medication taken to alleviate pain and other symptoms); *see also Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984) (per curiam) (stating that a sufficient basis to discredit a plaintiff's complaint of pain includes evidence that plaintiff was not regularly taking potent pain medication); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (finding that if an impairment can be controlled by treatment or medication, it is not disabling); 20 C.F.R. §§ 404.1529(c)(3)(iv).

In addition, the ALJ noted that despite Plaintiff's headaches, primary care examination notes reflect that she displayed normal appearance and affect as well as normal moods. (Tr. 51, 1041, 1045, 1093-94.) The ALJ also noted that at an April 2014 consultative examination Plaintiff was able to recall three of three words as well as spell a five-letter words backwards. (Tr. 51, 1085.) The ALJ reasoned that Plaintiff's ability to recall words and spell a word backwards indicated that Plaintiff continued to have focus and concentration to perform work activity. (Tr. 51.)

Similarly, the ALJ noted that State agency medical consultant Walter Harris, M.D., had examined the record in July 2014. (Tr. 8.) Dr. Harris noted that in March 2014, Plaintiff complained that she had headaches daily for two weeks. (Tr. 809, 1039.) However, Dr. Harris also concluded that Plaintiff's examination was normal. (Tr. 809, 1041.) Dr. Harris opined that Plaintiff could perform the full range of medium work. (Tr. 808-09.) Although the ALJ found Plaintiff was limited to a range of light work, the ALJ gave some weight to Dr. Harris' opinion as being supported by the bulk of the evidence in the record. (Tr. 52.) *See* 20 C.F.R. § 416.927(e)(2)(i) (noting that State agency medical consultants are highly qualified and are experts in Social Security disability evaluation and the ALJ must consider their findings and opinions); 20 C.F.R. § 416.929(c)(1) (ALJ may consider medical opinions from treating sources and non-treating sources).

Thus, the objective medical evidence and other evidence did not indicate that Plaintiff's conditions, including her migraine headaches, caused disabling limitations. *See* 20 C.F.R. § 416.929(c)(2)-(4); *Dyer*, 395 F.3d at 1211. The ALJ gave ample reasons for concluding that Plaintiff's subjective complaints were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 51.) The ALJ's statements constitute an explicit credibility determination in this case. *See Philpot v. Commr. of Soc. Sec.*, No. 6:16–cv–417–Orl–40TBS, 2017 WL 912122, at *4 (M.D. Fla. Feb. 14, 2017), *report and recommendation adopted*, 6:16–cv–417–Orl–40TBS, 2017 WL 897342 (M.D. Fla. Mar. 7, 2017) (stating that "the ALJ's use of boilerplate credibility language is not reversible error when the ALJ otherwise sufficiently explains his credibility determination"). As discussed above, substantial evidence in the record supported the ALJ's credibility determination. This Court will not disturb the ALJ's findings where they are supported by substantial evidence in the record. *See Foote v. Chater,* 67 F.3d 1553, 1562 (11th

Cir. 1995) (noting that a reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 29, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record